**James W. FRAZIER, Plaintiff-Appellant,**

v.

**Dean A. MANSON, et al.,
Defendants-Appellees.**

**No. 80–1160
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Unit A

July 27, 1981.

---

Gilliland, Cates & Flagg, Khent H. Rowton, Dallas, Tex., for plaintiff-appellant.

Bruce Anton, Dallas, Tex., for defendants-appellees.

Before BROWN, POLITZ and TATE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Plaintiff-Appellant James W. Frazier (Frazier) appeals the District Court's summary judgment, 484 F.Supp. 449, in favor of Defendant-Appellee Dean A. Manson (Manson). The pertinent facts are not in dispute. Briefly, Manson and Frazier entered into a general partnership on or about January 1, 1979, to engage in the real estate

business. The goal of the partnership was to put together real estate limited partnerships with the partnership of Manson and Frazier acting as the general partner of the limited partnerships. Five such limited partnerships were apparently formed in 1979, and were to be developed using both the soliciting abilities of Manson and the property management skills of Frazier. Frazier alleges that in the fall of 1979 he discovered that Manson was engaging in improper acts with regard to sales of limited partnership "units." Frazier, in his petition to the District Court, characterized these acts as securities violations under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b) (1971), and Rule 10b–5 promulgated thereunder. Manson moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The District Court, after advising the parties of its intentions, treated Manson's motions as a motion for summary judgment pursuant to Fed.R.Civ.P. 56. The Court granted summary judgment for Manson, concluding that (i) Frazier's limited partnership interests are not "securities" and (ii) Frazier has no standing to claim that he, or the general partnership or any of the limited partnerships, was a "forced seller" of securities.[1]

### I.

■ Under 15 U.S.C. § 77b, the term "securities" is flexible and includes many different forms. One such form, "investment contracts," may encompass limited partnership interests. *See generally Hirsch v. duPont*, 396 F.Supp. 1214 (S.D.N.Y.1975), *aff'd* 553 F.2d 750 (2d Cir. 1977). The District Court's decision that Frazier's limited partnership interests were not securities was based upon the fact that both Manson and Frazier were to be involved in the management and profitability of the limit-

ed partnerships. Quoting *Securities Exchange Commission v. W. J. Howey Co.*, 328 U.S. 293, 298–99, 66 S.Ct. 1100, 1102–1103, 90 L.Ed. 1244, 1249 (1946), the District Court observed that the term "investment contract" is defined as

> a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party, it being immaterial whether the shares in the enterprise are evidenced by formal certificates or by nominal interests in the physical assets employed in the enterprise.

The District Court properly concluded that Frazier's managerial rights negated the possibility that his limited partnership interests were securities. *See Williamson v. Tucker*, 645 F.2d 404, 417–26 (5th Cir. 1981). An investor does not always need the extensive protection of the federal securities laws when he or she has partial control of an enterprise.

### II.

■ In his supplemental brief to this Court, Frazier next asserts that he did not bring this suit under the "forced seller doctrine" at all, but that he was asserting a right against Manson for fraud "in connection with" the sale of securities under Section 10(b) of the 1934 Securities Exchange Act and Rule 10b–5.[2] Frazier urged the District Court to distinguish his status as a general partner with managerial duties from his status as (i) an owner of limited partnership interests as well as (ii) a representative of the limited partnerships in this suit against Manson, with Frazier, in the latter case, acting as a general partner of each limited partnership for purposes of this lawsuit. The District Court in *Hirsch v. duPont*, 396 F.Supp. 1214, 1228 (1975), cited by Frazier, allowed general partners

---

**1.** "A transaction altering the status of a shareholder without his consent may be a forced sale . . . allowing individual or class actions." A. Bromberg, Securities Law § 4.7(563)(3) (Supp. 1972–73).

Interestingly, Frazier remarks in his brief to this Court that he did not claim to be a "forced

seller" in the District Court nor does he raise that doctrine here.

**2.** Frazier asserts that the limited partnerships are issuers of "securities" that were sold to investors by Manson who then diverted and embezzled the funds.

to isolate their limited partnership interests and continue their lawsuit as limited partners. Those investors, however, received their limited partnership interests before becoming general partners. *Id.* We would therefore distinguish Frazier's claim, because he was first a partner in the general partnership that later became the general partner of each limited partnership. We agree with the District Court that Frazier's earlier status as a general partner necessarily affects his interests in the limited partnerships.

### III.

■ Finally, Frazier alleges that if he is not able to bring the present lawsuit in the District Court, the limited partners are without a remedy because limited partners can only act through their general partner(s). We are not persuaded by this line of reasoning. The limited partners in the five limited partnerships may well be able to characterize their investments as "securities," even though Frazier's management rights preclude characterization of his interest as "securities". Also, both Frazier and the limited partners likely have remedies under the Texas Uniform Partnership Act, Tex.Rev.Civ.Stat.Ann. art. 6132a, 6132b (Vernon 1970).

Given Frazier's expected involvement in the management and profitability of the general partnership existing between himself and Manson, we think that the District Court acted properly in granting a summary judgment to Manson. We do not here address either the rights of the various limited partners or the status of their interests under federal securities laws. The present suit by Frazier does not involve the purchase or sale of a security within the meaning of the applicable federal securities statute. A "general partnership or joint venture interest generally cannot be an investment contract under the federal securities acts." *Williamson v. Tucker*, 645 F.2d 404

at 421 (5th Cir. 1981). Regardless of Frazier's actual minimal participation in partnership matters, his rights and responsibilities alone are sufficient to distinguish his status from that of a "passive" investor.

■ Moreover, Frazier's attempt to bring a derivative action was properly dismissed by the District Court. Even if such a corporate law concept could be creatively applied to this partnership situation, Frazier's interest in the partnership that is a general partner in the limited partnerships hinders him from fairly representing the other limited partners.[3] The District Court likewise denied Frazier's motion for leave to amend because none of the parties-plaintiff (the limited partnerships) listed in Frazier's proposed amended complaint could fairly and adequately represent all of the limited partners. Obvious conflicts of interest exist between Frazier and Manson and between Frazier and the other limited partners. Therefore, as the District Court held, none of the parties-plaintiff, the limited partnership entities in which Frazier and Manson are together the "general partner", has standing to sue Manson under Rule 10b–5.

Having carefully considered the briefs of Manson and Frazier in light of the District Court's opinion, we hold that the District Court acted properly in granting a summary judgment to Manson.

AFFIRMED.

---

**3.** *See* Fed.R.Civ.P. 23.2. "Adequacy of representation turns on the quality of the representatives rather than their numbers. The representative must not hold interests which conflict with those of the class he seeks to represent." C. Wright, Law of Federal Courts 268 (1963) (citations omitted).