**In re BAYPORT EQUITIES CORP., aka Jes & Associates, Inc., Debtor.**

**PASADENA THRIFT AND LOAN ASSOCIATION, Plaintiff,**

v.

**BAYPORT EQUITIES CORP., aka Jes Associates, Inc., Defendant.**

**Bankruptcy No. SA 83–04600 PE.
Ref. No. M3–717.**

United States Bankruptcy Court,
C.D. California.

Nov. 28, 1983.

Mark Worcester, Alvarado, Rus & McClellan, Orange, Cal., for plaintiff.

Ross Edgell, Jr., Edgell & Edgell, Orange, Cal., counsel for debtor/defendant.

### MEMORANDUM OF DECISION RE SANCTIONS

PETER M. ELLIOTT, Bankruptcy Judge.

Pasadena Thrift and Loan Association seeks an order imposing sanctions upon the debtor and its attorneys Edgell & Edgell. The motion, in effect, asserts that the debtor Bayport Equities Corp. together with its attorneys filed multiple Chapter 11 cases in bad faith causing Pasadena Thrift and Loan Association to have to employ counsel to obtain four separate orders for relief of stay in order to complete their foreclosure upon a single parcel of real property. I agree that there has been an abuse of the bankruptcy process, violations of the court rules, and bad faith filings and that sanctions should be imposed.

## FACTS

Bayport filed its first Chapter 11 case numbered 83–00860 on February 24, 1983 and the case was assigned to Judge Phelps. Ross Edgell, Jr. signed the debtor's petition which was accompanied by a list of creditors, but no formal schedules or statement of affairs. Pasadena filed its complaint, adversary number 83–0886 for relief of stay in order to foreclose upon the family home of James Shipley. Shipley is the President of the debtor. In the adversary proceeding a stipulation for judgment was entered into providing that the stay would be terminated unless the debtor paid $20,000. to Pasadena on or before April 15. The debtor did pay $20,000. to Pasadena by April 22. By agreement between Pasadena and the debtor, the foreclosure was continued from time to time by reason of payments made by the debtor to Pasadena. Another $20,000. was paid on May 26, $10,000. on June 29, $5,000 on July 14, $5,000. on or about July 22 and $5,000. on or about July 29. These payments were in consideration of Pasadena extending the foreclosure from time to time up to and including August 12, 1983.

Local Bankruptcy Rule 1007(d) in effect up to August 1, 1983, requires that the debtor file schedules and a statement of affairs within 15 days after the case is filed. It further provides that any extension of time for the filing of schedules and statement of affairs may be granted only for cause shown. The debtor did not file schedules or a statement of affairs and did not apply for an extension. The United States Trustee filed a motion for dismissal of the Chapter 11 case, citing the failure to file schedules and also alleging non-compliance of the debtor with the Trustee's reporting rules. That motion to dismiss was heard on September 12, 1983 and the case was dismissed in open court on the same day with formal order of dismissal being filed on September 26.

Bayport next filed a new Chapter 11 case on September 15, 1983, case numbered 83–04199. Again the Chapter 11 petition was signed by Ross Edgell, Jr. and the petition was filed with a list of creditors only. The debtor has never filed schedules and has not applied for an extension of time to file schedules. The United States Trustee has filed a motion to dismiss the case which is presently set for February 13, 1984 before Judge Phelps citing the failure to comply with the Trustee's rules, the failure to file schedules, and the failure of the debtor to appear at the § 341 meeting. The new National Bankruptcy Rules, effective August 1, 1983, Rule 1007, requires the debtor to file schedules and a statement of affairs within 15 days of the date of filing and further requires any extension of that time to be granted only on motion and for cause shown. Because the filing of the new Chapter 11 case imposed a new automatic stay under § 362 of the Bankruptcy Code, Pasadena filed an ex parte motion for relief of stay as to the personal residence of James Shipley which motion was granted by Judge Phelps on September 28, 1983.

Nathan Ivers is a creditor of Bayport, holding a junior deed of trust on Shipley's personal residence. On September 29, 1983 Ivers, represented by Edgell, filed a Chapter 13 case numbered 83–04410. The petition was accompanied by a list of creditors only. Because the interest of the debtor Ivers was property of the estate, Pasadena was required to obtain relief of stay in order to proceed with their foreclosure on their senior lien on the same property. By motion numbered M3–617 in the Ivers case, Pasadena obtained ex parte relief of stay on October 6, 1983.

On October 13, 1983 Bayport filed its third Chapter 11 case. Again the petition is signed by Ross Edgell, Jr. and is accompanied only by a list of creditors. Rule 1007 has not been complied with in that no schedules have been filed and no application for extension has been made. On October 17, 1983 I granted Pasadena's motion for ex parte relief from stay, reserving jurisdiction to impose sanctions, if appropriate.

Although it apparently did not require action by Pasadena, I will note in passing that Mr. Edgell filed two prior Chapter 13 cases for Nathan Ivers, 83–02133 filed May 4, 1983 (without a Chapter 13 statement

and without a plan), which case was dismissed for failure to comply with the rules on July 6, 1983. The second Chapter 13 was filed on July 15, 1983 and numbered 83–03311 and was dismissed by the court on September 14, 1983 for failure to file Chapter 13 statement and/or plan within the time permitted by the rules.

## DISCUSSION

As concerns the first relief of stay proceeding in the first Chapter 11 case, it does not appear that the conduct of the debtor or debtor's counsel was irregular. On April 29, 1983, the debtor stipulated to a relief of stay on conditions. Thereafter the debtor paid $65,000. to Pasadena over a period of time for continuances of the foreclosure sale. It appears that those continuances ended on August 12, 1983.

When the first Chapter 11 case was dismissed on September 12, 1983, the good faith of the debtor and counsel come into question by reason of subsequent filings. Bayport filed a new Chapter 11 on September 15, 1983, triggering the automatic stay. Once Pasadena obtained ex parte relief from stay on September 28 in the second Chapter 11, Edgell promptly filed a new Chapter 13 case for Mr. Ivers, again thwarting Pasadena's foreclosure. Pasadena was required to obtain relief from stay in Iver's Chapter 13 on October 6 and Bayport again filed a third Chapter 11 on October 13, requiring a fourth order for relief of stay entered by the court on October 17.

The same pattern emerges from all three Bayport Chapter 11 cases and all three Ivers Chapter 13 cases, to wit, filing by counsel of a petition with the minimum requirement of a list of creditors only. In none of these cases did debtor or counsel make any attempt to file schedules or a statement of affairs, or a Chapter 13 statement or plan, or apply for an extension of time to do so. Rather than comply with the requirements of the law, it is apparently easier to suffer a dismissal and refile.

Bankruptcy Rule 9011 which is applicable to the two Chapter 11 cases and the one Ivers' Chapter 13 case all filed after August 1, 1983, provides:

> The signature of an attorney or a party constitutes a certificate by him that he has read the document; .... and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation..... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

■ Each Chapter 11 petition signed by counsel contains the statement that the debtor intends to file a plan. The pattern of filings and the failure to file schedules demonstrates that the debtor did not in fact intend to file a plan but interposed the Chapter 11 petitions to impose delay, to wit, to block Pasadena's foreclosure proceedings.

See also 28 U.S.C. § 1927 which provides as follows:

> Any attorney or other person admitted to conduct cases in any court in the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees incurred because of such conduct.

I conclude that in filing the Bayport Chapter 11 cases numbered 83–04199 and 83–04600 together with the Ivers Chapter 13 case numbered 83–04410, Ross Edgell, Jr. violated Bankruptcy Rule 9011 in that the petitions commencing the cases were interposed for an improper purpose, that is to cause delay which increased the costs of litigation.

■ Pasadena has paid its attorneys, Alvarado, Rus & McClellan, from and after August 12, 1983, the sum of $1,525. in attorneys' fees. Sanctions should be imposed

against Ross Edgell, Jr. and Bayport Equities Corp. in that amount.