**In re Rodderick S. GARY, Wilma J. Gary, Debtors.**

**Bankruptcy No. 83–A–0850.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

April 23, 1984.

Richard Labovitz, Baltimore, Md., for debtors.

Thomas Lackey, Upper Marlboro, Md., trustee.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This matter comes before the court upon a motion for reconsideration filed by Richard Labovitz, Esquire, seeking modification of this court's order directing the refund of a portion of attorney's fees paid in this dismissed Chapter 13 case. After notice, on March 20, 1984, this court held another hearing on the reasonableness of attorney's fees paid in this case.

This Chapter 13 proceeding was filed on May 27, 1983, and dismissed after receipt of a form application for dismissal filed by the debtor's attorney on August 8, 1983. The disclosure statement filed pursuant to former Bankruptcy Rule 219(b) indicated that counsel had received a payment in advance of $1,250.00 for handling this Chapter 13 proceeding.

Prior to the dismissal of this case, the court set a hearing to determine the reasonable value of Mr. Labovitz's services. Mr. Labovitz appeared at the hearing on December 7, 1983, and was given an addi-

tion week to document the work for which he charged the $1,250.00 fee. After consideration of a letter submitted by Mr. Labovitz regarding services performed in this case, the court issued an order and memorandum of decision on January 25, 1984, by which the court directed counsel to refund $1,000.00 of the $1,250.00 fee paid.

### Reasonableness of Fee Awarded

■ Mr. Labovitz takes exception to this prior decision. He contends that the court erred in allowing only $250.00 as a reasonable attorney's fee for filing a one-page petition, a list of creditors, and a form application to dismiss the Chapter 13 petition. Mr. Labovitz asserts that because a forebearance agreement accomplishes the same desired goal as a successful Chapter 13 plan (i.e., saving the debtor's residence), he is entitled to the same fee as that which he would seek for handling a successful Chapter 13 plan from initial filing to discharge.

The court notes initially that according to the Rule § 219(b) statement filed by Mr. Labovitz none of the counsel fees were intended to compensate counsel for entering into an arrangement with Cameron Brown. Although counsel freely admits that this Chapter 13 was filed for the purpose of "persuading" Cameron Brown to enter into a forebearance agreement with the debtor, the disclosure statement nowhere reflects that Mr. Labovitz was to be compensated for negotiating such an arrangement. Surely if this were the *modus operandi* by which counsel intended to accomplish his goal, Mr. Labovitz would have made the proper disclosure to this court that he was to be compensated for extracting a forebearance agreement from the unwilling Cameron Brown.

Second, the court notes that determination of the number of hours reasonably expended by counsel is the first consideration that the court is directed to make in ascertaining the reasonable value of the services rendered. *Arnold v. Burger King Corporation and Fickling Enterprises,*

719 F.2d 63, 67 (4th Cir.1983); *Allen v. Burke,* 690 F.2d 376, 379–80 (4th Cir.1982).

The district court initially should multiply the number of hours reasonably expended ("time and labor expended") by the customary hourly rate ("customary fee for like work") to establish a preliminary amount for the fee award. The court then should consider the other factors and adjust the fee accordingly.

690 F.2d at 380 (quoting *Anderson v. Morris,* 658 F.2d 246, 249 (4th Cir.1981)). The court cannot determine the "number of hours reasonably expended" from the information submitted by counsel and, therefore, can only estimate the amount of time which would be necessary for preparing a one-page petition, a list of creditors, and a form dismissal. The court finds that two hours would be the maximum amount of time that these largely clerical functions would have required, and possibly one-half hour of administrative time. In view of the failure of counsel to demonstrate that he is entitled to any more compensation for such perfunctory labors, the court remains convinced that the court's prior decision allowing $250.00 for attorney's fees was correct.

Third, the court notes that Mr. Labovit's assertion that he is entitled to the full fee which he customarily charges for the conduct of an entire Chapter 13 proceeding is particularly ironic in light of the debtors' need to file another Chapter 13 proceeding[1] on March 19, 1984, for which they have incurred $810.00 in additional expense.

### Filing as an Abuse of Bankruptcy Code

Mr. Labovitz further asserts that the court erred in finding that the filing of the Chapter 13 proceeding was abusive where the petition was filed merely to gain leverage to force a secured creditor to execute a forebearance agreement. The court does not share counsel's views on the propriety of such a filing. Bankruptcy Rule 9011 provides:

---

1. Case No. 84–A–0360.

### Rule 9011. Signing and Verification of Papers

(a) SIGNATURE. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the documents; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; *and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation* (emphasis added).

A plain reading of this rule indicates that the purpose for filing this Chapter 13 proceeding was improper. Interpreting this rule, the Bankruptcy Court for the Eastern District of Pennsylvania held that the filing of a bankruptcy petition solely to forestall a secured creditor from exercising his legitimate rights was an abuse of the Bankruptcy Code. *In re Johnson*, 24 B.R. 832, 834 (Bkrtcy.BC E.D.Pa.1982). Similarly, the Bankruptcy Court for the District of Columbia held that the filing of a Chapter 13 solely to gain time to obtain refinancing was improper and violative of Bankruptcy Rule 9011. *In re Whitten*, 11 B.R. 333 (Bkrtcy. BC D.C.1981). In a subsequent case, Judge Whelan cancelled all attorney's fees where the protection of the Bankruptcy Code was invoked only to avoid a foreclosure. *In re Crestwell*, 30 BR 619, 623 (Bkrtcy. BC D.C.1983). Upon motion in an appropriate case, this court would hold counsel liable for sanctions under 28 U.S.C. § 1927 for bankruptcy filings made solely for the purpose of delay. *Cf. In re Bayport Equities Corp.*, 36 B.R. 575, 11 B.C.D. 671 (Bkrtcy. BC C.D.Cal.1983) (imposition of sanctions under 28 U.S.C. § 1927 upon debtor and debtor's attorneys for filing petitions for the purpose of delay).

In light of the analysis in these cases and the court's own interpretation of Bankruptcy Rule 9011, the court holds that this filing of a Chapter 13 to gain leverage for negotiation of a forbearance agreement violates the spirit and purpose of the Bankruptcy Code and Rules. The $250.00 previously allowed now appears excessive. However, the court will leave that figure unchanged. If counsel feels that the court's interpretation of the purpose and intent of the Bankruptcy Code and Rules is incorrect, he can seek to have the district court show this court the error of its ways.