**Jack J. GRYNBERG, Plaintiff–Appellee,**

v.

**Reid M. WALTMAN, Defendant–Appellant.**

No. 95CA1893.

Colorado Court of Appeals, Div. I.

Dec. 27, 1996.

As Modified on Denial of Rehearing Feb. 27, 1997.

Certiorari Denied Oct. 27, 1997.

Lohf, Shaiman & Jacobs, P.C., Neil E. Ayervais, J. Michael Morgan, Denver, for Plaintiff–Appellee.

Burns, Wall, Smith & Mueller, P.C., James P. Rouse, George W. Mueller, Robert T. Cosgrove, Denver, for Defendant–Appellant.

Opinion by Judge HUME.

Defendant, Reid M. Waltman, appeals the trial court's summary judgment in favor of plaintiff, Jack J. Grynberg. We affirm.

Defendant was employed by plaintiff from 1972 to 1977. As part of defendant's compensation package, he was assigned certain overriding royalty interests in certain leases for which he had provided geologic information. Royalties were paid to defendant during his employment and for approximately eight months after he left his position as an exploration manager for plaintiff. At that time payments ceased, and in response to defendant's inquiries, plaintiff informed him that further royalties would not be paid.

In February 1981, plaintiff filed a Chapter 11 proceeding in the United States Bankruptcy Court. A Debtor's Amended Schedule was filed March 23, 1981, naming defendant as a creditor with a claim to royalty payments that was disputed by plaintiff and listing defendant's address in Colorado. At that time, defendant apparently lived in Texas, but there is no evidence that plaintiff then knew he had moved from Colorado.

On April 16, 1981, defendant testified at a hearing for the appointment of a trustee in plaintiff's bankruptcy proceeding. Subsequent to the hearing, the court entered a bar order requiring every creditor with a disputed claim to file proof of such claim by July 31, 1981, or have the claim disallowed and forever barred from being asserted. Defendant did not file a proof of claim.

Plaintiff's bankruptcy plan was confirmed April 21, 1982. It did not include defendant's claim. In March 1993, defendant filed an application with the Colorado Oil and Gas Conservation Commission seeking an order recognizing his ownership of the overriding royalty interests and directing plaintiff to make payments on such interests. The application was dismissed for lack of subject matter jurisdiction.

Plaintiff brought this action seeking declaratory relief on the issue of the overriding royalty interests. The trial court entered summary judgment in plaintiff's favor.

## I.

As a threshold matter, defendant contends that the trial court erred in determining that plaintiff's claim for declaratory relief was defensive in nature and, thus, was not barred by any statute of limitation. We disagree.

■ A statute of limitation is not a bar to a claim asserted as a defense. *Dawe v. Merchants Mortgage & Trust Corp.*, 683 P.2d 796 (Colo.1984). If a plaintiff's suit pertains to rights asserted by a defendant, then such suit raises a question of defense rather than a request for affirmative relief. *Ackmann v. Merchants Mortgage & Trust Corp.*, 645 P.2d 7 (Colo.1982).

■ Here, plaintiff filed suit for declaratory relief in response to defendant's administrative action seeking payment of the disputed royalties. The central question presented in both such proceedings was defendant's right to such payments and interests. Accordingly, plaintiff's claims were asserted as a defense to defendant's claim, and the trial court did not err in characterizing plaintiff's suit as defensive in nature and not subject to statutes of limitation.

## II.

Defendant next contends that the trial court erred in determining that his claims based on the overriding royalty interests assigned to him by plaintiff had been discharged by confirmation of the bankruptcy plan. He argues that, because he did not receive actual notice of the bar date for presenting claims in this bankruptcy proceeding, his claims cannot be discharged by confirmation of that plan. We disagree.

■ Confirmation of a Chapter 11 plan does not bar a claim if a claimant has not been given notice of the Chapter 11 filing and an opportunity to be heard. Due process requires that notice should be reasonably calculated, under the circumstances, to apprise any interested parties of the pendency of an action and afford an opportunity to present claims. *In re Christopher*, 28 F.3d 512 (5th Cir.1994). The debtor bears the burden of providing formal notice of a confirmation hearing to any known creditor before that creditor's claim may be discharged in bankruptcy. *In re Unioil*, 948 F.2d 678 (10th Cir.1991).

■ In determining whether the notice provided is sufficient, a court should look at the totality of circumstances, considering whether the alleged inadequacies prejudiced the creditor and whether notice was given in time for the creditor to take meaningful action. *In re Atlantic Waste Systems North, Inc.,* 199 B.R. 79 (D.N.H.1996).

■ Here, defendant knew of the pendency of plaintiff's bankruptcy proceedings and testified at a hearing related to those proceedings. Further, defendant was listed as a known creditor with a disputed claim and notice was mailed to him. Defendant has not shown that plaintiff willfully provided an expired address in order to mislead the court. Thus, under the circumstances here, defendant's knowledge and participation, in conjunction with plaintiff's good faith attempt to provide formal notice, were sufficient to provide defendant with reasonable notice.

Under these circumstances, the trial court did not err in determining that defendant's claims had been disallowed by confirmation of the bankruptcy plan and thus were barred from being reasserted. *See In re Faden,* 96 F.3d 792 (5th Cir.1996).

### III.

Defendant also contends that, because his ownership of the overriding royalty interests and his right to royalty payments are interests in real property, such ownership is not subject to discharge in bankruptcy. Further, he argues that payments relating to the royalty interests that arose after confirmation of the bankruptcy plan are a post-discharge obligation still owed to him. We reject these contentions.

■ Summary judgment is a drastic remedy and should be granted only upon a showing that there exists no genuine issue of material fact. The non-moving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts. *Peterson v. Halsted,* 829 P.2d 373 (Colo.1992).

■ According to 11 U.S.C. § 1141(a) (1994), the provisions of a confirmed bankruptcy plan are binding on the debtor and any listed creditor with notice or knowledge of the bankruptcy proceeding, even though the creditor has not filed a claim or accepted the plan. Therefore, any attempt by any party to relitigate any matter raised or which could have been raised in bankruptcy proceedings is barred by *res judicata. See In re French Gardens, Ltd.,* 58 B.R. 959 (S.D.Tex.1986)(confirmation of bankruptcy plan has same effect as a judgment). Property dealt with by such a plan is free and clear of all claims and interests of creditors. *See* 11 U.S.C. § 1141(c) (1994); *United States v. Redmond,* 36 B.R. 932 (D.Kan. 1984).

### A.

■ An overriding royalty interest is not a freestanding interest. It is carved out of, and constitutes a part of, the working interest created by an oil and gas lease, and is limited in duration to the life of the leasehold interest. *In re GHR Energy Corp.,* 972 F.2d 96 (5th Cir.1992).

■ The way in which a dispute concerning an overriding royalty interest is to be treated by the courts depends upon its characterization as real or personal property. *See* 2 H. Williams & C. Meyers, *Oil & Gas Law* § 422.3 (1995); *Phillips Petroleum Co. v. Taylor,* 115 F.2d 726 (5th Cir.1940)(assigned royalty interest treated as a covenant running with the land); *Hagood v. Heckers,* 182 Colo. 337, 513 P.2d 208 (1973)(overriding royalty interest is interest in real property for purposes of state taxing statute); *Walsh v. Union Oil Co.,* 131 Ill.App.2d 1015, 268 N.E.2d 706 (1971)(characterizing accrued payments under overriding royalty interest as personal property); *Kentucky Bank & Trust Co. v. Ashland Oil & Transportation Co.,* 310 S.W.2d 287 (Ky.1958)(while reservation of royalty interest is interest in real property, royalties accrued under such reservation from production of petroleum products are personal property); *Renwar Oil Corp. v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774 (1955)(royalty interest is real property interest for purposes of venue). Accordingly, we conclude that an overriding royalty interest

may be characterized as an interest in real property for those purposes which affect the land involved and as a personal property interest for purposes of payments that arise from such interest.

 Here, defendant claims his right to receive accrued payments arising from the assigned overriding royalty interests. At the time each payment was due, it became a debt owed by plaintiff as the leaseholder to defendant. *See Young v. Young,* 709 P.2d 1254 (Wyo.1985)(obligation to pay an overriding royalty interest arises when oil and gas are produced). Therefore, these payments may be considered personal property interests. *See Kentucky Bank & Trust Co. v. Ashland Oil & Transportation Co., supra.* Defendant concedes that his right to these accrued payments may be discharged under the bankruptcy plan if they are determined to be a personal property interest.

Defendant's right to payment of accrued royalties under the bankruptcy plan entitled him to a status equal to that of a secured creditor in the bankruptcy proceedings. *See* 2 H. Williams & C. Meyers, *Oil & Gas Law* § 422.3 (1995). However, because defendant did not file a proof of claim in a timely manner, his claim to the accrued payments of royalty interests was discharged upon confirmation of plaintiff's bankruptcy plan. *See In re GHR Energy Corp., supra.*

### B.

 Existence of a bankruptcy puts those persons having prepetition dealings with the debtor on notice that their claims to property interests may be challenged in the reorganization. *See Terry Oilfield Supply Co. v. American Security Bank,* 195 B.R. 66 (S.D.Tex.1996).

 According to 11 U.S.C. § 1141(b) (1994), upon confirmation of a bankruptcy plan, all property of a debtor's estate is vested in the debtor free and clear of any claims or interests of creditors, equity security holders, or general partners of the debtor.

Under 11 U.S.C. § 1141(d)(1)(B) (1994), confirmation of such plan terminates all disputed rights and interests of equity security holders and general partners provided for by the plan. *See* 5 L. King, *Collier on Bankruptcy* § 1141 (1996).

 Here, defendant has acknowledged in his motion for summary judgment that both parties were aware that the ownership of the overriding royalty interests was in dispute at the time of plaintiff's bankruptcy proceedings. Plaintiff's bankruptcy estate included the oil and gas leaseholds and necessarily dealt with the overriding royalty interests connected with them.

Once the claim to royalty payments based on the overriding royalty interests was disputed, the ownership of that interest was called into question and was, therefore, before the bankruptcy court. Defendant was required to take those steps necessary to preserve his claim.

Subsequently, by operation 11 U.S.C. § 1141(b)(1994), plaintiff's estate, including the oil and gas leases, vested in him free of defendant's contested royalty interests when the bankruptcy plan was confirmed. Thus, because ownership of the disputed overriding royalty interests was settled in plaintiff when defendant failed to contest plaintiff's disputation of their existence in the bankruptcy court, the trial court did not err in determining that defendant was not entitled to future payments from the assigned overriding royalty interests. *See In re French Gardens, Ltd., supra* (res judicata precludes relitigation of all claims settled by confirmation of bankruptcy plan).

### IV.

Because we conclude that defendant's claims were discharged by confirmation of the bankruptcy plan, we need not address other contentions relating to statutes of limitation or laches.

The judgment is affirmed.

STERNBERG, C.J., and SMITH*, J., concur.