**AEC INDUSTRIES, LLC,**
**Plaintiff–Appellee,**

v.

**SURVIVOR OIL, INC.; Conrad Ratliff;**
**and Gary Tibbits, Defendants–**
**Appellants.**

No. 98CA1251.

Colorado Court of Appeals,
Div. V.

Nov. 26, 1999.

Certiorari Denied Aug. 21, 2000.

Burns, Wall, Smith and Mueller, P.C., Peter J. Wall, Robert T. Cosgrove, Denver, Colorado, for Plaintiff–Appellee.

R.H. Peck, P.C., R.H. Peck, Craig, Colorado; Richard H. Bate, Denver, Colorado, for Defendant–Appellant Survivor Oil, Inc.

Baker & Hostetler, LLP, Timothy R. Beyer, Peter J. Korneffel, Jr., Denver, Colorado; W. Dan Nelson, Edmond, Oklahoma, for Defendants–Appellants Conrad Ratliff and Gary Tibbits.

Opinion by Judge KAPELKE.

In this action for foreclosure of mechanic's liens relating to an oil and gas lease, defendant, Survivor Oil, Inc. (Survivor), appeals from the summary judgment entered by the trial court determining that Survivor either had no interest in the properties that are the subject of the foreclosure (the subject properties) or that any interest that it had was junior to the mechanics' liens held by plaintiff, AEC Industries, LLC (AEC). Also, defendants Conrad Ratliff and Gary Tibbits separately appeal from the summary judgment determining that any interest they had in the subject properties was junior to the mechanic's liens held by AEC. We affirm.

As pertinent to this appeal, the claims in this action relate to a federal oil and gas lease in Rio Blanco County, Colorado, and a well on that leasehold. In January 1992, Survivor received an assignment of the lease but only insofar as it related to the geologic formations from the surface of the earth down to the top of the Frontier formation (Shallow Formations). In addition, Survivor received an assignment of "wellbore," which was defined as all of the assignor's interest in the specific well, "together with all oil, gas and other hydrocarbons that may be produced from said wellbore, together with all downhole equipment therein."

In April 1993, Survivor assigned all of its rights in the Shallow Formations of the lease and in the wellbore to another company. The assignment contained the following provision, which forms the basis of Survivor's claimed interest:

In the event that Assignee recovers 100% of its Data and Completion Costs of [the well] . . . Assignor [Survivor] reserves an overriding royalty interest equal to five

percent (5%), in and to the oil, gas, minerals and other hydrocarbons which may be produced and saved from the herein described wellbore, or lands pooled, communitized or unitized therewith, free and clear of any costs and expenses of development and operations thereof excepting taxes applicable to said interest and the production therefrom.

Work was performed on the well by various oil field contractors in an attempt to complete it in the formations below the Shallow Formations. Ratliff and Tibbits entered into arrangements with the contractors to perform the work and apparently provided certain consulting services. Many of the contractors were not paid for their services and therefore filed mechanic's lien claims on the property pursuant to § 38–24–101, et seq., C.R.S.1999. The suits brought by the lien claimants were consolidated into this action, and AEC later obtained assignments of the lien claims and was substituted as plaintiff.

The trial court appointed a special master who made recommendations to the court as to rulings on motions. By separate motions for summary judgment, AEC sought a determination that the liens it held were senior and superior to any claimed interest of Survivor as well as to any claimed interest of Ratliff and Tibbits.

Pursuant to recommendations of the special master, the trial court entered summary judgments in favor of AEC and against Survivor, and also against Ratliff and Tibbits.

The court ruled that Survivor has no overriding royalty in the subject properties as to the formations below the Shallow Formations and that any interest it does have either will: "(a) never become effective, or (b) is in the nature of a carried working interest and therefore subject to the liens of AEC and this foreclosure."

By separate order, the court concluded that the liens of AEC were also prior and superior to the claims and interests of Ratliff and Tibbits.

On August 3, 1998, the trial court entered a final judgment and decree authorizing fore-closure by AEC of its liens. This appeal followed.

## I.

Survivor contends that the trial court erred in concluding that its interest in the subject properties was junior to AEC's mechanic's liens and would be extinguished upon foreclosure of such liens. We disagree.

## A.

■ First, it is undisputed that, at the time it made its wellbore assignment and assignment of operating rights, Survivor had rights in the lease only as to the Shallow Formations. Accordingly, as the trial court ruled, the rights reserved by Survivor pursuant to those assignments were limited to those formations.

■ Second, we reject Survivor's contention that the trial court erred in ruling that any interest Survivor reserved was in the nature of a carried working interest, rather than an overriding royalty interest, and was therefore junior to, and subject to foreclosure of, AEC's mechanic's liens.

■ An overriding interest is an interest in oil and gas produced at the surface, free of expenses of production. *Garman v. Conoco, Inc.*, 886 P.2d 652 (Colo.1994); *Hagood v. Heckers*, 182 Colo. 337, 513 P.2d 208 (1973); *see also* 2 H. Williams and C. Meyers, *Oil and Gas Law* 748 (1998). It is an interest that is carved out of the working interest created by an oil and gas lease, and is limited in duration to the life of the leasehold interest. *Grynberg v. Waltman*, 946 P.2d 473 (Colo.App.1996).

Because it is a nonoperating interest carved out of the lease, an overriding royalty interest has been regarded as an encumbrance on the working interest "and is therefore free from liens thereafter imposed on the working interest." 5 E. Kuntz, *A Treatise on the Law of Oil and Gas* § 63.2, p. 222 (1991), citing *Roberts v. Tice*, 198 Ark. 397, 129 S.W.2d 258 (1939); *DaMac Drilling, Inc. v. Shoemake*, 11 Kan.App.2d 38, 713 P.2d 480 (1986); and *Cities Service Oil Co. v. Pubco Petroleum Corp.*, 497 P.2d 1368 (Wyo.1972).

Indeed, AEC acknowledges in its brief that if Survivor held an overriding royalty interest, such interest would not be subject to the costs of the kind represented by AEC's liens. It asserts, however, that the interest reserved by Survivor is in the nature of a carried working interest and, as such, is subject to such liens.

A carried interest is "[a] fractional interest in oil and gas property, usually a lease, the holder of which has no personal obligation for operating costs, which are to be paid by the owner or owners of the remaining fraction, who reimburse themselves therefor out of production, if any. The person advancing the costs is the carrying party and the other is the carried party." 2 H. Williams and C. Meyers, *supra*, at 133.

Unlike an overriding royalty interest, a carried interest has been found to be subject to the rights of mechanic's lien claims such as those of AEC here. *See* Dufford and Helmick, *Mechanic's Liens Relative to Oil and Gas Operations – Part II*, 34 Dicta 373, 380–381 (1957); *see also Ball v. Red Square Oil & Gas Co.*, 113 Kan. 763, 216 P. 422 (1923).

Overriding royalty interests are distinguishable from carried interests in that overriding royalty interests are usually shares of gross production free of costs. 2 H. Williams and C. Meyers, *supra*, § 424 at 438.

One type of carried interest involves the carried party having a future interest in a portion of the working interest which is so limited as to become possessory after the carrying party has recovered certain specified costs during the payout period. 2 H. Williams and C. Meyers, *supra*, § 424 at 441. The arrangement can also entail an assignment and a reassignment when the carrying party has recovered its costs. *See* E. Kuntz, *supra*, § 63.4.

Here, it is evident that Survivor did not reserve an overriding royalty interest, as such. Nor can its reserved interest be considered to be an interest in gross production free of costs, which is generally the hallmark of a true overriding royalty. Rather, the purported reservation is effective only "[i]n the event" that Survivor's assignee "recovers

100% of its Data and Completion costs of the well."

Because the interest purported to be reserved by Survivor was contingent upon the assignee first recovering its costs, we conclude that such interest is in the nature of a carried interest, with Survivor as the carried party and its assignee as the carrying party. We thus agree with the trial court's conclusion that Survivor does not hold an overriding royalty interest and that any future or contingent interest it did hold pursuant to the purported reservation was subject to AEC's liens and would be extinguished upon foreclosure of the liens.

In urging that its interest, even if characterized as a carried working interest rather than a royalty, should be declared senior to AEC's liens, Survivor relies on *North Finn v. Cook*, 825 F.Supp. 278 (D.Wyo.1993). We find that case distinguishable. The court based its ruling there on the fact that the holder of the "back-in" working interest had not contracted to pay for the drilling costs that gave rise to the liens. As discussed below, under the facts here, Survivor's interest is subject to the liens under the Colorado lien statute.

### B.

■ Survivor next contends that, regardless of how it is characterized, its interest is not subject to AEC's liens because Survivor did not contract with the lien claimants. Again, we disagree.

Section 38–24–101, C.R.S.1999, provides that the party performing labor or furnishing labor by virtue of a contract, "express or implied," with any owner or lessee of any interest in real estate shall have a lien on the interest of the properties belonging to the party contracting with the lien claimants.

■ If the holder of a carried working interest expressly or impliedly consents to the development or improvement of the leasehold and commits its interest to the program, that interest is subject to the liens. *See* Dufford and Helmick, *supra*.

By the terms of the assignment instrument, Survivor's reserved interest will arise only upon the assignee's recovery of all data

and completion costs. The incurring of such costs was thus obviously contemplated by the parties. Under the circumstances, the record supports a determination that Survivor at least impliedly consented to the development and to the incurring of the costs associated with such development. Therefore, the interest could be subject to the mechanic's liens held by AEC and could be extinguished upon their foreclosure.

### C.

■ Finally, Survivor argues that the trial court's ruling violated Survivor's equal protection rights. Because this argument was not raised in the trial court, we decline to address it here. *See Committee for Better Health Care v. Meyer*, 830 P.2d 884 (Colo. 1992); *Anderson Boneless Beef, Inc. v. Sunshine Health Care Center, Inc.*, 878 P.2d 98 (Colo.App.1994).

In light of our determination, we need not address the correctness of the trial court's ruling that Survivor received *no* valid interest pursuant to the reservation in the wellbore assignment.

### II.

■ Ratliff and Tibbits contend that the trial court erred in holding that they did not have mechanic's liens or valid carried working interests that were superior to AEC's liens. We disagree.

As noted, Ratliff and Tibbits claimed to have performed certain management and consulting services in connection with the subject properties.

Under § 38–24–101, a person "who performs labor upon or furnishes machinery, material, fuel, explosives, power, or supplies for sinking, repairing, altering, or operating" any oil or gas well by virtue of a contract is entitled to a lien.

It is undisputed that Ratliff and Tibbits did not actually perform labor or deliver any supplies with respect to the subject properties. They argue, nevertheless, that because their services benefited the property, they had a valid lien pursuant to the lien statements they filed.

In *Lindemann v. Belden Consolidated Mining and Mill. Co.*, 16 Colo.App. 342, 65 P. 403 (1901), the court determined that the actions of a geologist in exploring and evaluating mineral prospects did not constitute labor that would support a lien on the property.

Consistent with the decision in *Lindemann*, it has been generally recognized that services such as those of geologists, surveyors, and engineers are excluded under the oil and gas mechanic's lien statutes, unless such services are specifically referred to in the statute. *See* Meyer and Dufford, *Oil and Gas Mechanic's Liens Revisited*, 15 *Colo. Law*, 1822, 1926 (1986) ("[t]o fall within Colorado's statute, those who provide professional services should at a minimum provide evidence of a 'labor' or 'materials' component"); *see also* Drew, *Current Developments on the Law of Materialmen's Liens on Oil and Gas Leases*, 21 Rocky Mtn. Min. L. Inst. 307 (1975). Colorado's statute does not contain such a specific reference.

Accordingly, we agree with the trial court that Ratliff and Tibbits do not have any mechanic's lien claims superior to the liens of AEC as a result of their consulting or engineering services.

■ In addition, Ratliff and Tibbits argue that they had a valid carried working interest in the properties pursuant to an agreement they claim to have entered into with the unit operator. However, they have not pointed to any document in the record that would constitute an actual transfer or conveyance to them of any such interest. Accordingly, we reject their contention.

■ Finally, they assert that they are entitled to the imposition of a constructive trust in their favor in order to prevent an unjust enrichment. The trial court concluded, however, that they had not demonstrated a basis for equitable relief or shown that any claim for such relief would entitle them to an interest in the property that would be superior to AEC's mechanic's liens.

The record does not evidence any fraud, duress, or wrongful conduct by any party that might support such relief. *See Timothy*

*C. Wirt, M.D., P.C. v. Prout,* 754 P.2d 429 (Colo.App.1988).

In addition, a constructive trust cannot be imposed to defeat intervening property rights, such as those of AEC here. *See United States v. Eaton Shale Co.,* 433 F.Supp. 1256 (D.Colo.1977).

We thus conclude that the trial court properly held that Ratliff and Tibbits have no interest in the subject properties that is senior to the liens of AEC.

The judgment is affirmed.

Judge DAVIDSON and Judge TAUBMAN concur.