In the Matter of PROPERTY MANAGE-
MENT & INVESTMENTS,
INC., Debtor(s).

PROPERTY MANAGEMENT &
INVESTMENTS, INC.,
Plaintiff,

v.

JOHNSON, BLAKELY, POPE, BOKOR & RUPPEL, P.A., Ellen Stoutamire, Shackleford, Farrior, Stallings & Evans, P.A., Smith, Fuller & Dolcimascolo, P.A., David G. Hanlon, American Home Assurance Company, and Cincinnati Insurance Company, jointly and severally, Defendants.

Bankruptcy No. 81–2307.
Adv. No. 86–0397.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 11, 1986.

Jawdet I. Rubaii, Clearwater, Fla., for plaintiff.

Hugh N. Smith, Titusville, Fla., for defendant.

## ORDER ON RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case, and the matter under consideration is a Renewed Motion for a Temporary Restraining Order filed by special counsel for the estate, Mr. Jawdet Rubaii. Mr. Rubaii also filed a Motion for Contempt against the defendants named in the above-captioned adversary proceeding. At the duly scheduled and noticed hearing this Court heard argument of counsel and considered the record which reveals the following facts relevant and germane to the two motions under consideration.

During the course of the administration of the estate of PMI the Trustee filed an application and sought an authorization to employ special counsel to prosecute on behalf of the estate a damage claim against the lawfirm of Johnson, Blakeley, Pope, Bokor & Ruppel, P.A. The suit to be filed was based on a claim of malpractice by the lawfirm which represented the Debtor prior to the commencement of this case. The application of the Trustee was granted, and Mr. Jawdett Rubaii was authorized to be employed as special counsel for the estate and he filed a Complaint in the Circuit Court in and for Pinellas County on behalf of the estate against the Defendants named in the above-captioned adversary proceeding. In due course the matter was tried in state court, and the jury returned an adverse verdict to PMI and the Court entered a final judgment in favor of the Defendants and based on the verdict and dismissed the Complaint with prejudice.

After the entry of the judgment, the Defendants filed a motion in the Circuit Court and sought taxation of costs. It appears that although no hearing was scheduled in the Circuit Court on the defendants' Motion to Tax Costs at that time, on August 19, 1986, Mr. Rubaii filed a Complaint in this Court and sought an injunction prohibiting the defendants to proceed with their request to tax costs. On the same date Mr. Rubaii also filed a Motion for Temporary Restraining Order. The motion was filed in this Court, but because of absence of the undersigned, based on the alleged emergency Mr. Rubaii requested that his motion be considered by

the district court. The Honorable William Terrell Hodges, the Chief District Judge, promptly considered the motion and on September 12, 1986, entered an order and denied the Motion for Temporary Restraining Order without prejudice.

Thereafter, the Defendants requested the Circuit Court and obtained a hearing on their Motion to Tax Costs on September 15, 1986. On September 19, 1986, Mr. Rubaii on behalf of the estate filed a Notice of Appeal which challenged the order of the district court which denied his original Motion for Temporary Restraining Order. At the same date he also filed a Motion for Leave to Appeal the September 12, 1986, order and also filed a Motion to Reconsider the September 12, 1986, order. In addition, Mr. Rubaii filed a Motion in this Court on October 21, 1986, and sought to hold the defendants in contempt and an order declaring that the post cost judgment entered by the Circuit Court in the interim is void and unenforceable. The cost judgment was entered by the Circuit Court on October 27, 1986. On October 29, 1986, Mr. Rubaii filed in the Circuit Court a Motion to Reconsider and Vacate the Cost Judgment, and on October 31, 1986, filed a new Emergency Motion and sought a declaration by this Court that the cost judgment entered by the Circuit Court is void.

On November 6, 1986, Mr. Rubaii also filed a Motion, again seeking to hold the Defendants in contempt. He also sought again an order declaring the cost judgment void, just as he did earlier on October 29, 1986. Lastly, on November 6, 1986, Mr. Rubaii filed a Renewed Motion for Temporary Restraining Order, the very same motion which was denied by the district court earlier by the entry of an Order on September 12, 1986, the very same order which is currently involved in his appeal and the very same motion by which Mr. Rubaii seeks a reconsideration and rehearing on the Order of the District Court denying his final Motion for Temporary Restraining Order.

The entire thrust of all these various and sundry motions filed by Mr. Rubaii centers around one single proposition. First, Mr. Rubaii contends that the defendants violated the automatic stay imposed by § 362 of the Bankruptcy Code by proceeding with their Motion to Tax Costs in the Circuit Court, and therefore, should be cited for contempt and punished accordingly. As a corollary to this proposition Mr. Rubaii urges that the cost judgment entered by the Circuit Court on October 27, 1986, is void in any event as a matter of law because it was entered in violation of the automatic stay.

Considering first the motion which seeks an injunctive relief not only by the Prayer for Relief set forth in the original Complaint filed on August 19, 1986, but also by the several Motions for Temporary Restraining Order, it is clear that all of them are without any merit and should be denied.

First, in light of the fact that the very same matter is currently pending before the district court, it would be unseemly for this Court to enter a dispositive order on these motions. Second, based on the representation by counsel for the defendants that they definitely do not intend to proceed with execution on the cost judgment entered by the Circuit Court, there is no basis to grant a Temporary Restraining Order simply because Mr. Rubaii failed to establish an immediate and irreparable harm or injury. Third, because the contempt sought by Mr. Rubaii inextricably involves the legal validity of the cost judgment, it is appropriate to this Court to proceed first to determine whether or not the automatic stay imposed by § 362 applied in this instance and prohibited these defendants from proceeding with their Motion to Tax Costs in the state court litigation in which they were successful. This is so because if the automatic stay did not apply, the Defendants could not be found to have violated same; therefore, they could not be punished for contempt.

 In support of his claims, Mr. Rubaii relies on § 362(a)(4) of the Bankruptcy Code and contends that acts of the defendants were acts "to perfect or enforce any

lien against the property of the estate." A Motion to Tax Costs by a successful litigant can by no stretch of the imagination be construed to be the conduct proscribed by this sub-clause of § 362(a)(4). This is so because these Defendants did not seek to impose or enforce a lien against the properties of the estate. The difficulty with the proposition urged by Mr. Rubaii is that the automatic stay designed for the protection of the estate was enacted by Congress and to prohibit an interference with the properties of the estate by creditors who attempt to enforce a claim which was a claim existed on the date of the commencement of the case and was not designed to deal with claims which arose after the commencement of the case. *In re Begley v. Philadelphia Electric Co.,* 760 F.2d 46 (3d Cir. 1985). This interpretation is consistent with the general proposition that post-petition claims are not claims in the orthodox sense and recognized and allowable against the estate only if they would qualify under § 503 to be allowed as an expense of administration. Moreover, in this particular situation it is absurd to urge that counsel for the estate who proceeded and sued a third party in a non-bankruptcy forum, an act which certainly did not require court permission and immunized the unsuccessful Plaintiff for any claim by the defendant sued by the estate. It makes no difference if this attack was launched by the Defendant by way of a counterclaim or merely, like in the present instance by an attempt to recover costs and expenses incurred in connection with their successful defense of a lawsuit filed against them by the estate.

It defies logic and common sense to accept the proposition that while the estate is free to sue third parties, third parties' hands are tied and they cannot resort to all remedies available under the applicable state law to successful litigants, including the right to seek and obtain a judgment taxing costs. In this particular case Mr. Rubaii selected the forum in which he decided to litigate this claim. By doing so he elected to abide by the rules and regulations and legal principles governing lawsuits in that forum. It ill behooves Mr.

Rubaii indeed to urge that he was only willing to undertake the certain parts of the Rules which were beneficial to him, but he cannot be exposed to rules and procedures which may be used against him in the event he was unsuccessful in his lawsuit. This is what happened here precisely.

Having concluded that the automatic stay does not apply, this Court is satisfied that the several motions of Mr. Rubaii to hold these Defendants in contempt are equally without merit, including the Motion to Declare the State Court Judgment Void.

■ As noted earlier, counsel for the defendants stated in open court that they do not desire and intend to proceed and execute on the cost judgment but merely obtained a determination of the amount which determination they accept not to be the binding effect on this Court and shall not operate res judicata in the event they seek an allowance of the cost judgment as a cost of administration pursuant to § 503 of the Bankruptcy Code.

Based on the foregoing, it is evident that any injunctive relief on general equitable propositions which might be urged is equally without merit at this time since there is no immediate or irreparable harm which might be visited upon the estate in the event the relief is not granted.

This leaves for consideration a motion filed by these defendants who seek an imposition of sanctions pursuant to Bankruptcy Rule 9011 F.R.C.P. 11 and 28 U.S.C. § 1975. The Motion will be considered separately and a separate order will be entered on said motion in due course. In light of the fact that Mr. Rubaii sought leave to file a memorandum of law in opposition of the motion, which motion was granted, ruling shall be deferred on the motion pending the receipt of the memoranda submitted by Mr. Rubaii within ten days from the date of this order.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Renewed Motion for Temporary Restraining Order, the Motions for Contempt, and to Declare Cost Judgment

Void filed on October 31, 1986, be, and the same are hereby, denied.