In the Matter of PROPERTY MANAGE-
MENT AND INVESTMENTS,
INC., Debtor(s).

PROPERTY MANAGEMENT AND
INVESTMENTS, INC., Plaintiff,

v.

JOHNSON, BLAKELY, POPE, BOKOR,
AND RUPPEL, P.A., Ellen Stoutamire,
Shackleford, Farrior, Stallings, and Ev-
ans, P.A., Smith, Fuller and Dolcimas-
colo, P.A., David G. Hanlon, American
Home Assurance Company, and Cincin-
nati Insurance Company, jointly and
severally, Defendants.

Bankruptcy No. 81–2307.
Adv. No. 86–397.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 9, 1987.

See also, Bkrtcy., 70 B.R. 911.

Jawdet I. Rubaii, Clearwater, Fla., for plaintiff.

Hugh N. Smith and David G. Hanlon, Tampa, Fla., for defendants.

**ORDER ON MOTION FOR ATTORNEYS'
FEES AGAINST PMI AND JAWDET
I. RUBAII, PERSONALLY**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 adversary proceeding is a Motion for Attorneys' Fees against PMI and Jawdet I. Rubaii, Personally, filed by Johnson, Blakely, Pope, Bokor, and Ruppel, P.A., Ellen Stoutamire, Shackleford, Farrior, Stallings, and Evans, P.A., Smith, Fuller, and Dolcimascolo, P.A., David G. Hanlon and Hugh N. Smith, Defendants in the above-captioned adversary proceeding (Defendants). Defendants seek an Order from this Court imposing sanctions against Property Management and Investments, Inc., the Debtor (Debtor), and against Jawdet I. Rubaii, Debtor's attorney (Rubaii), pursuant to Bankruptcy Rule 9011. The relevant facts as they appear from the record are without dispute and are as follows:

On October 1, 1982, this Court entered an Order authorizing the Debtor to pursue certain causes of action against some of the Defendants. Pursuant to this Order, Rubaii instituted a civil suit in Pinellas County Circuit Court on behalf of the estate of the Debtor against Johnson, Blakely, Pope, Bokor, and Ruppel, P.A., Ellen Stoutamire, a/k/a Ellen Fowler, American Home Assurance Company, and Cincinnati Insurance Company (State Court Defendants). The suit was tried before a jury and resulted in a verdict in favor of all the State Court Defendants on January 30,

1986. After the circuit court entered a Final Judgment on the verdict against the Debtor and in favor of the State Court Defendants, the State Court Defendants moved to tax costs in the state court proceeding against the Debtor. A hearing on the Motion to Tax Costs was scheduled for September 15, 1986. On September 20, 1986, Rubaii commenced this adversary proceeding seeking to temporarily and permanently enjoin the Defendants from seeking to tax and collect costs against the Debtor. On September 8, 1986, Rubaii filed a Motion for Temporary Restraining Order, asking for an Order prohibiting the Defendants from moving forward with the state court hearing set for September 15. In this Motion, Rubaii alleged that the Motion to Tax Costs was a violation of the automatic stay provisions of § 362 of the Bankruptcy Code. This Motion was denied by an Order entered on September 12, 1986, by United States District Judge William Terrell Hodges, sitting in this Court's absence.

On September 14, Rubaii filed a Motion to Reconsider Order Denying Motion for Temporary Restraining Order, and on September 15 also filed a Motion for Leave to Appeal the September 12 Order and a Notice of Appeal of the September 12 Order. The Motion to Reconsider the September 12 Order was subsequently denied, and the Debtor was also denied leave to appeal. The hearing on the Motion to Tax Costs went forth as scheduled on September 15, and the Defendants obtained a cost judgment against the Debtor.

On November 3, 1986, Rubaii filed an Emergency Motion to Declare Cost Judgment Null and Void and/or to Enjoin the Enforcement Thereof. In this Motion, Rubaii once again alleged that obtaining the cost judgment was a violation of the automatic stay, and asked this Court to either declare the cost judgment null and void or to enjoin the enforcement of the cost judgment. Before this Emergency Motion could be heard, on November 6 Rubaii filed a Renewed Motion for Temporary Restraining Order, asking that the Defendants be enjoined from enforcing the cost judgment and again alleging that the cost judgment had been obtained in violation of the automatic stay. Also on November 6, Rubaii filed a Motion for Contempt for Violation of Automatic Stay and to Declare Cost Judgment Null and Void, asking for the third time that this Court invalidate the state court cost judgment.

On December 11, 1986, 67 B.R. 889 (Bankr.M.D.Fla.) this Court denied the Renewed Motion for Temporary Restraining Order, the Emergency Motion to Declare Cost Judgment Null and Void and/or Enjoin Enforcement Thereof, and the Motion for Contempt for Violation of Stay and to Declare Cost Judgment Null and Void.

The matter currently under consideration is a Motion for Attorneys' Fees Against PMI and Jawdet I. Rubaii, Personally filed by the Defendants. The Defendants allege that the Debtor's pleadings filed in this adversary proceeding are based on identical facts, and seek virtually identical relief. Furthermore, the Defendants contend that these duplicative pleadings are vexatious and frivolous, and that Rubaii, Debtor's counsel, filed them for the same purpose; that is, to delay, confuse, and complicate this adversary proceeding.

Bankruptcy Rule 9011(a), on which the Defendants rely, provides in pertinent part as follows:

The signature of an attorney or party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this Rule, the Court on motion or on its own

initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Case law construing B.R. 9011 supports an award of attorney's fees when a party has acted in bad faith or for oppressive reasons or when a party interposes a pleading for an improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. *See, i.e. Buy-N-Save, Cash N' Carry v. Underwriters Insurance Co.,* 56 B.R. 644 (Bankr. S.D.N.Y.1986).

After careful consideration of the numerous motions filed by Rubaii in this adversary proceeding, this Court is satisfied that the multiple duplicative pleadings were filed by Rubaii in order to delay, confuse, and complicate the litigation. Several of the motions were filed in this Court while a Motion to Reconsider the September 12 District Court order was still pending in District Court, meaning that the Debtor was seeking the same relief in more than one forum at the same time. Furthermore, Rubaii has persistently asserted that the Defendants acted contemptuously in pursuing their state court Motion to Tax Costs, even though the Order entered by District Court Judge Hodges already rejected this contention and permitted the Defendants to go forward with the hearing on its Motion to Tax Costs and to obtain a cost judgment. Based on the foregoing, this Court is satisfied that Rubaii's conduct in filing multiple duplicative motions and in attempting to seek identical relief in different forums at the same time is unreasonable, vexatious litigation and is an abuse of process. Under these circumstances, it is appropriate to grant the Motion for Attorneys' Fees and to impose sanctions on Mr. Rubaii in the amount of $750.00.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Attorneys' Fees Against PMI and Jawdet I. Rubaii, Personally be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Jawdet I. Rubaii, be, and the same is hereby, ordered to pay $750.00 to the Defendants within 30 days of the date of this Order. It is further

ORDERED, ADJUDGED AND DECREED that should Jawdet I. Rubaii fail to pay the sum of $750.00 to the Defendants within 30 days of the date of this Order, then the Defendants be, and the same are hereby, granted leave to apply to this Court for an Order to Show Cause to Jawdet I. Rubaii why he should not be held in contempt of this Court for failure to pay said sum as ordered by this Court.