**In the Matter of Paula J. BELLEW, Debtor.**

**Bankruptcy No. 86–5390.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 17, 1987.

Roger L. Fishell, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., Trustee.

Charles M. Tattlebaum, for Suncoast Schools Federal Credit Union.

## ORDER ON MOTION TO IMPOSE SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 13 case is a Motion to Impose Sanctions pursuant to Bankruptcy Rule 9011. The Motion is filed by Suncoast Schools Federal Credit Union (Suncoast), a secured creditor in the above-captioned case. Suncoast seeks an order from this Court sanctioning Roger Fishell (Fishell), counsel for Paula J. Bellew, the Debtor (Debtor), for the bad faith filing of this case, alleging that the case was filed for the sole purpose to hinder, delay, and frustrate Suncoast's legitimate efforts to proceed with foreclosure against the Debtor's property, and not for the purpose to achieve any legitimate goal designed by Congress in enacting this Chapter. The relevant facts are essentially without dispute and are as follows:

In 1981, the Debtor and her former husband executed a note in favor of Suncoast. The note was secured by a mortgage on real property owned by the Debtor and her former husband. The Debtor defaulted on

2. Because I reverse on this theory, I need not discuss Salamone's other grounds for appeal.

her obligation under this note and mortgage, and Suncoast in due course instituted a foreclosure of its mortgage lien and in February, 1986 obtained a final judgment of foreclosure. A foreclosure sale was scheduled for March 5, 1986. On March 4, 1986, the day before the scheduled foreclosure sale, the Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code which, of course, immediately brought the foreclosure action to a halt by virtue of the automatic stay imposed by § 362 of the Bankruptcy Code.

On April 3, 1986, Suncoast filed a Motion to Modify Stay, and sought relief from the automatic stay in order to complete the foreclosure action. At the time Suncoast filed this Motion, the Debtor was fifteen (15) months delinquent in her payment obligation to Suncoast. On May 12, 1986, this Court granted Suncoast's Motion to Modify Stay and lifted the automatic stay with respect to the real property. The order, however, provided that Suncoast shall not obtain a foreclosure sale date prior to July 24, 1986.

Suncoast scheduled a foreclosure sale for November 20, 1986. On November 20, 1986, approximately two (2) hours before the sale was to take place, the Debtor filed another Chapter 13 Petition in this Court. This Petition was filed while the first Chapter 13 case was still pending. The Petition was not accompanied by a Chapter 13 Statement or by a list of creditors as required by Bankruptcy Rule 1007(a)(2). There is no doubt that the Petition was filed for the sole purpose of stopping the foreclosure sale scheduled for the same morning. When Suncoast was notified that a second Petition was filed, Suncoast presented to this Court an ex parte Motion to Lift Stay. This Court heard that Motion on an emergency basis, granted the Motion, and lifted the stay, allowing the foreclosure sale to proceed as scheduled. The first Chapter 13 Petition was subsequently dismissed on November 25, 1986 for failure to propose a confirmable Plan.

Suncoast alleges that the second Chapter 13 case was commenced in bad faith for the sole purpose of stopping an imminent foreclosure sale, and was filed for the purpose to hinder, delay, and frustrate Suncoast's efforts to enforce its rights against the subject property for which it was legally entitled.

Suncoast seeks to impose sanctions against Fishell, counsel for the Debtor, pursuant to Bankruptcy Rule 9011.

Bankruptcy Rule 9011, which deals with signing and verification of papers, provides in pertinent part as follows:

> The signature of an attorney or party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation ... if a document is signed in violation of this Rule, the Court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Case law construing B.R. 9011 has held that sanctions may be imposed against counsel who act in bad faith or for an improper purpose such as to harrass, cause delay, or increase the cost of litigation. *See, i.e., In re Buy-N-Save, Cash and Carry,* 56 B.R. 644 (Bankr.S.D.N.Y.1986); *In re Perez,* 43 B.R. 530 (Bankr.S.D.Tex. 1984); *In re Trust Deed Center,* 36 B.R. 846 (Bankr.C.D.Cal.1984); *In re Bayport Equities Corporation,* 36 B.R. 575 (Bankr. C.D.Cal.1983).

There is no doubt that the first and second Chapter 13 Petitions were filed for the purpose of stopping a pending foreclosure sale. While it could be argued that the first Petition was not filed in bad faith because the Debtor had a reasonable expectation of formulating a confirmable Chap-

ter 13 Plan, this Court is satisfied that the second Petition was not filed in good faith but for the sole purpose to hinder, delay, and frustrate Suncoast's efforts to foreclose against the property. Mr. Fishell, by his signature on the Petition, certified that "he read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ..." B.R. 9011. Contrary to this certification, Mr. Fishell knew that there was no legitimate basis to the second Petition, and his participation in this second filing was improper, thus sanctionable conduct pursuant to Rule 9011.

Based on the foregoing, this Court is satisfied that it is appropriate to impose sanctions against Mr. Fishell in the amount of $250.00 as partial reimbursement of Suncoast's costs and attorney's fees incurred as a result of the second Petition.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Impose Sanctions pursuant to Bankruptcy Rule 9011 be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Roger Fishell be, and the same is hereby, ordered to pay to Suncoast Schools Federal Credit Union the sum of $250 within thirty (30) days of the date of this order. Said sum is to be paid to the order of Suncoast Schools Federal Credit Union, and mailed, return receipt requested, to Mr. Charles Tatelbaum, Esq., c/o Kass, Hodges and Massari, P.O. Box 800, Tampa, Florida 33601.