In the Matter of PROPERTY MANAGE-
MENT & INVESTMENTS,
INC., Debtor.

PROPERTY MANAGEMENT &
INVESTMENTS, INC.,
Plaintiff,

v.

JOHNSON, BLAKELY, POPE, BOKOR
& RUPPEL, P.A., et al., Defendants.

Bankruptcy No. 81–2307.
Adv. No. 86–0397.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 10, 1987.

Jawdet I. Rubaii, Clearwater, Fla., for plaintiff.

Hugh N. Smith and David G. Hanlon, Tampa, Fla., for defendants.

**ORDER ON MOTION TO DISMISS COMPLAINT FILED BY PROPERTY MANAGEMENT AND INVESTMENTS, INC.**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case, and the matter under consideration is a Motion to Dismiss the Complaint filed by Property Management Investments, Inc. (PMI). The Motion is filed by the lawfirm of Johnson, Blakely, Pope, Bokor & Ruppel, P.A. (Johnson, Blakely), and the remaining Defendants named in the Complaint and challenges the legal sufficiency of the Complaint and contends that it fails to state the claim for which relief can be granted, therefore, it should be dismissed. Ordinarily the disposition of such a motion would not present any difficulty because the legal sufficiency of the Complaint would be determined as a matter of law by considering only the allegations set forth in the Complaint. However, this is an unusual case for the following reasons.

The original Complaint filed on August 28, 1986, sought injunctive relief against the named Defendants for violation of the automatic stay. The claim was based on § 362(h) of the Bankruptcy Code, which now permits:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Shortly after filing the Complaint counsel for the Plaintiff filed a motion and sought

a temporary restraining order prohibiting the Defendants from proceeding with the hearing scheduled in the state court in which the Defendants sought to tax costs against PMI. The motion was filed by the Defendants after the jury returned an adverse verdict to the Plaintiff and in favor of the Defendants. In the absence of this Court the district court considered the Motion for Temporary Restraining Order and on September 12, 1986, entered an order denying the Motion without prejudice. On September 19, 1986, the Plaintiff filed a Motion for Leave to Appeal the order of September 12, 1986 and also filed a Notice of Appeal. On September 29, 1986, the Defendants filed a Motion to Strike the Notice of Appeal and an Answer and Memorandum in opposition to the Motion for Leave to Appeal.

It appears that in the interim the state court proceeded with the Defendants' Motion and entered a cost judgment in favor of the Defendants and against the Debtor's estate for $16,131.66 and reserved jurisdiction for any further cost assessments. On September 19, 1986, PMI filed a Motion to Reconsider the order which denied the Motion for Temporary Restraining Order and renewed its Motion for a Temporary Restraining Order and also filed a Motion for Contempt for violation of the automatic stay and sought again a declaration that the cost judgment is null and void. On November 8 this Court transmitted to the district court the Defendants' Motion to Strike the Notice of Appeal. On December 5, 1986, the district court granted the Motion to Strike the Notice of Appeal. On December 11, 1986, this Court entered an Order, 67 B.R. 889 (Bkrtcy.M.D.Fla.), on the Renewed Motion for Temporary Restraining Order and the Motion for Contempt in which PMI sought the imposition of sanctions for the alleged violation of the automatic stay by the Defendants and also injunctive relief prohibiting the Defendants from proceeding any further with their attempts to obtain additional cost judgments or to enforce their cost judgment.

In the December 11 Order this Court after having recited the relevant facts concluded that as a matter of law that the automatic stay did not apply to the post judgment proceedings in the state court and, therefore, the Plaintiff, PMI, is not entitled to any of the relief it seeks, including imposition of sanctions pursuant to § 362(h). On December 21, 1986, this Court denied the Motion for Rehearing of the December 11 Order. On December 19 PMI filed a Motion for Leave to Appeal and also a Notice of Appeal which appeal and motion are currently pending in the district court. On January 9, 1987, this Court entered an Order, 69 B.R. 310 (Bkrtcy.M.D. Fla.), on the Motion for Attorney Fees filed by the Defendants and granted the Motion and imposed a sanction on counsel for PMI in the amount of $750. PMI promptly filed a Motion for Rehearing and for Entry of an Order Ex Parte and the Motion for Reconsideration of the Motion for Attorney Fees.

On January 20, 1987, the district court also entered an order and denied PMI's Motion for Relief to Appeal. On January 20 PMI renewed its Motion for Leave to Appeal, which was addressed to this Court's order of January 9, 1987, and also filed a Notice of Appeal. The Notice of Appeal addressed to the January 9, 1987, order was transmitted to the district court where it is currently pending and awaiting disposition. In the meantime, PMI also filed a motion and sought leave to appeal not only the January 9, 1987, Order but also the Order of January 23, 1987.

The procedural background of this present controversy is, of course, complicated by the unsettled status of the appeal, which at first blush might indicate that since there is an appeal pending in district court, this Court lacks the power to consider the Motion to Dismiss. A close examination of the applicable case law indicates to the contrary. While it is true that the filing of a timely Notice of Appeal ordinarily divests the trial court with further jurisdiction, an appeal from an interlocutory order granting or denying a preliminary injunctive relief does not strip the trial court of jurisdiction to proceed with the controversy on its merits. *Thomas v.*

**914**

Board of Education, Granville Central School District, 607 F.2d 1043 (2nd Cir. 1979) This being the case, this Court is satisfied that this Court does not lack the power to consider the Motion to Dismiss the Complaint filed by the defendants who seek a dismissal of the Complaint on the basis that the Complaint fails to state a cause of action, a contention which has already been favorably ruled upon by this Court by the December 11, 1986, Order. In this Order this Court held that the automatic stay did not apply to any of the proceedings in the state court. For this reason the Defendants could not be held to be in violation of the same, therefore, PMI is not entitled to any injunctive relief. It is intimated, although not articulated in the Complaint as written by PMI, that if the Defendants are permitted to proceed, and seek additional cost judgment and more importantly, attempt to execute the judgment they already obtained on the property of the estate, it would be an impermissible interference with this Court's jurisdiction over property of the estate and this should not be permitted; therefore, PMI is entitled to the injunctive relief it seeks. While such relief may be available to PMI, not by this Complaint, the validity of which is challenged by the Motion under consideration.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the Complaint filed by the Defendants be, and the same is hereby, granted and the Complaint of PMI, Adversary Number 86–0397 be, and the same is hereby, dismissed without prejudice to the rights of PMI to seek what other relief it might consider to be appropriate and which counsel for PMI believes in good faith that PMI is entitled to obtain.