**In the Matter of INDIAN ROCKS LANDSCAPING OF INDIAN ROCKS BEACH, INC., Debtor(s).**

**Bankruptcy No. 87–1980.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 25, 1987.

Thomas C. Little, Clearwater, Fla., for debtor, Indian Rocks Landscaping of Indian Rocks Beach.

Office of Albert Gordon, Tampa, Fla., for movant, Richard & Yvonne Griffith.

## ORDER ON EMERGENCY MOTION TO DISMISS AND TO IMPOSE SANCTIONS PURSUANT TO B.R. 9011

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case is an Emergency Motion to Dismiss and to Impose Sanctions Pursuant to B.R. 9011, filed by Richard Griffith and Yvonne Griffith (Griffiths), creditors in the above-captioned case. The Griffiths seek an order from this Court dismissing the above-captioned Chapter 11 case pursuant to 11 U.S.C. § 1112(b) on the ground that Indian Rocks Landscaping of Indian Rocks Beach, Inc. (Debtor), did not file its Petition for relief under Chapter 11 in good faith. The Griffiths also seek an Order from this Court imposing sanctions pursuant to Bankruptcy Rule 9011 against Thomas C. Little (Little), counsel for the Debtor, on the grounds that Little filed the Debtor's Chapter 11 Petition in violation of Bankruptcy Rule 9011. The Court has considered the record, heard arguments of counsel, and finds the undisputed facts relevant to the Motion under consideration as follows:

On April 22, 1986, the Debtor, who from the style of the caption of the Petition appears to be a Florida corporation, and the Griffiths entered into a lease of certain real property owned by the Griffiths. The term of the lease ran from May 15, 1986, through April 14, 1987. Upon the Debtor's failure to make its February rent payment, the Griffiths commenced eviction proceedings on March 19, 1987, in the Pinellas County Court. The hearing on this matter was set for April 15, 1987, and was scheduled to commence at 9:45 a.m. On the same day at 9:08 a.m. the Debtor filed its Chapter 11 Petition. Counsel for the Debtor failed to appear at the eviction hearing, and a Judgment by Default was entered, the terms of which directed the clerk of court to issue a Writ of Possession as to the property leased by the Debtor. On May 7, 1987, the Griffiths filed their Emergency Motion to Dismiss and for Sanctions.

In addition to the chronology set forth above, the following undisputed facts relevant to the Motion under consideration have been established. First, the Debtor was never validly incorporated under the laws of the State of Florida, as evidenced by a written certification dated May 8, 1987 and signed by the Florida Secretary of State. Even assuming without admitting that the Debtor was a corporation de facto, albeit not de jure, the Debtor's Chapter 11 Petition, which listed the Griffiths as the only creditors of the Debtor's estate, was signed by the general manager of the corporation and not by a duly authorized corporate officer.

The Motion under consideration seeks in part a dismissal of the case pursuant to 11 U.S.C. § 1112(b) for "cause," the cause being alleged bad faith of the Debtor in seeking relief in this Court. In support of this contention the Griffiths point out that the Petition was filed for the sole purpose of forestalling and delaying the Griffiths' eviction action and not for any legitimate purpose of financial reorganization.

In seeking dismissal as noted above the Griffiths rely on 11 U.S.C. § 1112 (b), which provides in pertinent part:

§ 1112. Dismissal or Conversion

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of the creditors and the estate, for cause ...

The term "cause" as used in this section is not defined and was intended to be a flexible concept. This is evident from the legislative history of 11 U.S.C. § 1112(b) which states that in determining "cause," a court may utilize equitable powers to achieve just and fair results in cases. *H.R. Rep. No. 595, 95 Cong., 1st Sess. 406 (1977), U.S. Code Cong. and Admin. News 1978, pp. 5787, 6362.*

Clearly, the broad scope of "cause" encompasses the filing of a Petition in bad faith. *See Little Creek Development Co. v. Commonwealth Futures Corp.*, 779 F.2d 1068 (5th Cir.1986). In determining the existence of bad faith, all facts and circumstances of a case must be considered by the Court. *In re Southern Communities*, 57 B.R. 215 (Bankr.M.D.Fla.1986).

This Court recently addressed the bad faith of a Debtor who sought relief in the Bankruptcy Court in the case of *In the Matter of Welwood Corp.*, 60 B.R. 319 (Bankr.M.D.Fla.1986). In this case the Debtor, which was no longer operating any business, had no employees, no unsecured debts, and no assets, filed its Chapter 11 Petition merely to gain the protection of the automatic stay imposed by 11 U.S.C.

§ 362 and to litigate a money damage claim in the bankruptcy court. In dismissing the case for bad faith filing pursuant to 11 U.S.C. § 1112(b) this Court noted that

... if it is evident from the outset that there is no reasonable expectation that the financial situation of a debtor can be successfully repaired through the reorganization process, and the case is filed solely to use the bankruptcy forum to litigate a two-party dispute, "cause" is present which warrants a dismissal because such case is not filed in good faith.

As in *Welwood*, the case at hand must be dismissed for bad faith filing. Of great importance in the determination of bad faith filing is the fact that the Debtor filed its Chapter 11 Petition merely to forestall and delay the state court eviction action and to gain the protection of the automatic stay. This conclusion is supported by the facts that the Griffiths, the Debtor's adversaries in the state court eviction proceeding, are the only creditors listed by the Debtor, who filed its Petition within minutes of the scheduled eviction hearing. Furthermore, it is without dispute that the Debtor has no employees, conducts no business, has no assets, and is without any source of income to fund a plan of reorganization. Thus, the case at hand involves nothing more than a two-party dispute in which only the Debtor and the Griffiths are involved. In addition the Debtor was not validly incorporated, contrary to the caption of the petition; thus it is not an entity eligible for relief under the Bankruptcy Code. Moreover, even assuming the Debtor is a de facto corporation and thus may be eligible to file a Chapter 11 Petition, the Petition was not signed by a corporate officer duly authorized by the Board of Directors or corporate by-laws to sign a Petition for Relief. On the contrary, the Petition was signed by the Debtor's general manager who clearly had received no authority to sign the Petition. Based on the foregoing, this Court is satisfied that this Debtor's Chapter 11 Petition was not filed in good faith. Because there appears to be neither a need nor an ability to reorganize

the financial affairs of this Debtor, it is appropriate to grant the Motion to Dismiss this Chapter 11 case for "cause" pursuant to § 1112 (b)(1).

The Motion under consideration also seeks the imposition of sanctions against the Debtor's attorney, Little, on the grounds that he violated Bankruptcy Rule 9011 by failing to make "reasonable inquiry" concerning the Debtor's Petition before signing the same.

Bankruptcy Rule 9011, which governs the signing and verification of papers, provides in part:

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation ...If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Under Bankruptcy Rule 9011, courts have imposed sanctions against counsel who have signed pleadings for an improper purpose such as to harrass, confuse, cause delay, complicate, or increase the cost of litigation. *See, for example, Cinema Service Corp. v. Edbee Corp.,* 774 F.2d 584 (3d Cir.1985); *In re Bellew,* 71 B.R. 72 (M.D. Fla. 1987); *In re French Gardens, Ltd.,* 58 B.R. 959 (Bankr. S.D.Tex.1986); *In re Buy-N-Save, Cash & Carry,* 56 B.R. 644 (Bankr. S.D.N.Y.1986); *In re Silver,* 46 B.R. 772 (Bankr. D.Colo.1985); *In re Perez,* 43 B.R. 530 (Bankr. S.D.Tex.1984).

▇ Based on the undisputed facts of this case, this Court is satisfied that Mr. Little did not comply with the obligations imposed by Bankruptcy Rule 9011 when he signed the Debtor's bankruptcy Petition. Mr. Little, by his signature on the Petition, certified that "he read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it [was] well grounded in fact ..." B.R. 9011. Contrary to this certification, Mr. Little failed to make reasonable inquiry as to the legal existence of the Debtor, allowed the general manager of the Debtor to sign the Petition in lieu of an authorized corporate officer, and very well knew or should have known that there was no legitimate basis supporting the filing of the Petition. Clearly, Mr. Little knew, contrary to his certification, that the sole purpose for the filing of the Debtor's Petition was to stall state court litigation and that the Debtor had no intention or ability to effectuate a legitimate reorganization. Based on the foregoing, this Court is satisfied that Mr. Little did violate the requirements of B.R. 9011 which in turn justifies the imposition of sanctions against Mr. Little.

Therefore, this Court is satisfied that it is appropriate to impose sanctions against Mr. Little in the amount of FIVE HUNDRED & 00/100 DOLLARS ($500.00) as reimbursement of the Griffiths' costs and attorney fees incurred in litigation of this matter.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss pursuant to 11 U.S.C. § 1112(b) and to Impose Sanctions pursuant to B.R. 9011 be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Chapter 11 case filed by the Debtor be, and the same is hereby, dismissed. It is further

ORDERED, ADJUDGED AND DECREED that Thomas E. Little be, and the same is hereby, ordered to pay to Richard and Yvonne Griffith the sum of FIVE HUNDRED & 00/100 DOLLARS ($500.00)

within thirty (30) days of the date of this Order.