### In re PIONEER LUMBER TREATING, INC., Debtor.

### Bankruptcy No. 90–00299.

United States Bankruptcy Court, D. Hawaii.

May 7, 1991.

Gerard D. Lee Loy, Hilo, Hawaii, for Bolos.

Dennis Nishimura, Honolulu, Hawaii, for Wayne De Luz.

Steven Egesdal, Honolulu, Hawaii, for Schuman and Betts.

J. Richard Peterson, Hilo, Hawaii, for Willman.

Steven Guttman, pro se.

James Wagner and James Evers, Honolulu, Hawaii, for Thomason.

### MEMORANDUM DECISION RE: SANCTIONS

JON J. CHINEN, Bankruptcy Judge.

This Memorandum Decision deals with several motions to impose sanctions against Pioneer Lumber Treating, Inc. ("Debtor") and Mark R. Thomason ("Mr. Thomason") the counsel who filed Debtor's petition in Bankruptcy. This Court has jurisdiction over the matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

Several days of hearing were held on the motions, two before visiting Bankruptcy Judge Donald MacDonald and one before the undersigned Judge on April 8, 1991.

Following the hearing, the Court took the matter under advisement and requested proposed Findings of Fact and Conclusions

of Law. Based upon the evidence adduced, the records in the file, and arguments of counsel, the Court renders this Memorandum Decision.

## FINDINGS OF FACT

Sometime in 1988, a civil action was brought against Debtor and Mr. William Legg by a Martin Clark in the Third Circuit Court, State of Hawaii, Civil No. 88–181 ("State Court Action"). On April 30, 1990, the State Court Action was scheduled for trial at 9:00 a.m.; however Debtor and Mr. Legg, Debtor's principal, did not have counsel of record representing them and were not ready for trial. As a result, Mr. Thomason, the Debtor and Mr. Legg sought to delay the trial.

Shortly before 9:00 a.m. on April 30, 1990, Mr. Thomason called the Clerk of the Third Circuit Court, State of Hawaii, and requested that he be permitted to talk to Mr. Ernest Gianotti, attorney for Mr. Clark. There is a conflict as to the conversation that took place between Mr. Thomason and Mr. Gianotti. Mr. Thomason testified that he informed Mr. Gianotti that he (Thomason) was in the process of filing a petition in bankruptcy. On the other hand, Mr. Gianotti, who was in Court with his client who came from the mainland and was ready for trial, testified that Mr. Thomason informed him that he had filed the Bankruptcy petition for both Debtor and Mr. Legg. Mr. Gianotti relayed his version of the conversation to the State Court and, as a result, the case was continued until moved on.

This Court believes the testimony of Mr. Gianotti. Mr. Gianotti and his client were in Court ready for trial and it is unbelievable that Mr. Gianotti will agree to take the case off the calendar just because the defendant "was in the process of filing a petition in bankruptcy." In addition, Mr. Gianotti testified that, a few days prior to April 30, Mr. Thomason had requested a continuance of the trial. However, Mr. Gianotti declined to stipulate to a continuance because Mr. Clark was already enroute to Hawaii from the mainland and he

(Mr. Gianotti) was not able to contact Mr. Clark.

The Bankruptcy Court file shows that the Petition was filed at 10:07 a.m. on April 30, 1990 and the Notice of Automatic Stay filed in the State Court Action shows that it was signed by Mr. Thomason on April 27, 1990 and filed with the State Court on April 30, 1990 at 11:06 a.m.

Originally, this State Court Action was for approximately $2500.00. However, because of the additional work necessitated by the Counterclaim and demand for jury trial filed by defendant-debtor, Mr. Gianotti's demand was up to approximately $5000.00 as of April 30, 1990.

After the State Court Action had been filed against Debtor and Mr. Legg, on behalf of Debtor, Pioneer Lumber & Treating Company of Kawaihao, Inc. and Mr. Legg, Mr. Thomason filed a lawsuit in the United States District Court, District of Hawaii, Civil No. 89–00511, ("the Federal Action") against 21 defendants. Two of the defendants, Richard Betts ("Betts") and William Schuman ("Schuman"), moved to dismiss the complaint and for Rule 11 sanctions on October 20, 1990.

The dismissal motion, with a similar motion brought by other defendants, came on for hearing on December 19, 1989. The District Court granted the motion to dismiss and for Rule 11 sanctions against Mr. Thomason personally for having filed a frivolous complaint. The District Court dismissed the complaint with leave to amend in 30 days. The District Court, however, required that Pioneer Lumber, the Debtor herein, file a RICO "case statement" within said 30 days if it intended to file an amended complaint with a RICO count.

Mr. Thomason for Pioneer Lumber filed a first amended complaint on January 18, 1990, but without a RICO case statement. On February 9, 1990, Betts and Schuman filed a motion to dismiss Pioneer Lumber's first amended complaint, which Motion was scheduled to be heard on April 9, 1990.

On February 27, 1990, Mr. Thomason for Pioneer Lumber moved ex parte for an enlargement of time to file its first amend-

ed complaint and RICO case statement, the latter of which already was overdue. The District Court denied that motion on March 9, 1990.

The hearing on Betts' and Schuman's motion to dismiss and a motion to dismiss filed by other defendants, were continued to May 8, 1990 (later changed to May 7, 1990). Prior to the hearing on the motions to dismiss, Mr. Thomason filed the Petition in Bankruptcy Court on April 30, 1990. Mr. Thomason then filed a Notice of Automatic Stay in the Federal Action with the District Court the same day.

On May 7, 1990, Schuman and Betts filed a motion for relief from automatic stay with this Court. Following a hearing, an order was filed July 12, 1990, effective nunc pro tunc June 1, 1990, wherein this Court modified the stay to allow Schuman, Betts and other creditors to pursue their motions to dismiss the Amended Complaint before the District Court. After the stay was lifted, Debtor took no further action to reorganize under Chapter 11.

Schuman and Betts renoticed the motion to dismiss, in the Federal Action, and it was set for August 13, 1990. Mr. Thomason for Pioneer Lumber never filed an opposition; instead he moved to withdraw. The District Court granted the withdrawal motion and reset the hearing on the motion to dismiss to September 24, 1990. On September 24, 1990, the District Court dismissed the amended complaint with prejudice.

Mr. Thomason has acknowledged that he filed the petition, at least in part, to avoid or delay the hearing on the motions to dismiss on the Amended Complaint in the Federal Action.

Mr. Thomason stated he did not have time to fully investigate the financial condition of the Debtor. Thus, he relied on information furnished by the Secretary–Treasurer. He also stated that his intention was to reorganize the Debtor by spreading out the pending litigations to obtain cash flow for the reorganization.

However, Mr. Thomason also stated that, because he was not a bankruptcy counsel, he had consulted Steve Guttman and it was agreed that, after filing the petition, he would withdraw and that Mr. Guttman would take over. In addition, the Notice of Automatic Stay filed in the State Court shows that Mr. Thomason had executed it on April 27, 1990, three days prior to the trial. It means that he was representing himself as counsel for Debtor in the State Court. And, with that much time, he could have more thoroughly reviewed Debtor's financial condition before filing the bankruptcy petition.

In his affidavit attached to the Memorandum in Opposition to Motions to Impose Sanctions, Mr. Thomason stated that "in addition to delay the Federal Action, his primary purpose in filing the petition was to stop the State Court Action."

After this Court had lifted the stay to permit the defendants in the Federal Action to proceed with their motions to dismiss the Amended Complaint, the Debtor took no action whatsoever in attempting to reorganize. When this Court declined to approve Mr. Guttman as counsel for Debtor because of conflict, the Debtor made no effort to seek another counsel. Instead, when the Court informed Debtor that the case would be dismissed if Debtor did not retain counsel, the Debtor willingly agreed to a dismissal of the case. Thus, the bankruptcy case was dismissed on October 11, 1990, with the Court retaining jurisdiction over the various motions for sanctions.

To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

## CONCLUSIONS OF LAW

■ Filing a bankruptcy petition simply to forestall and delay a state court action with no intention to effectuate a legitimate reorganization constitutes an abuse of the Bankruptcy Code. *See In re Indian Rocks Landscaping of Indian Rocks Beach, Inc.*, 77 B.R. 909 (Bkrtcy.M.D.Fla.1987).

■ Likewise, the filing of a bankruptcy petition to circumvent the orders or proceedings of other courts constitutes an independent ground for finding bad faith. *In re Eighty South Lake, Inc.*, 63 B.R. 501

(Bkrtcy.C.D.Cal.1986). *Setzer v. Hot Productions, Inc., (In re Setzer)*, 47 B.R. 340 (Bkrtcy.E.D.N.Y.1985).

■ In the instant case, Mr. Thomason in his affidavit attached to his Memorandum filed on November 30, 1990, acknowledged

> Although the motions pending in the district court case which involved the moving parties was part of the cause of the filing of the Chapter 11, it was not the sole cause nor was it the immediate cause. The immediate cause was the pending commencement of trial in the *Clarke* action.

Because Mr. Thomason was not a bankruptcy attorney, he had consulted Steven Guttman, who had agreed to handle the bankruptcy proceeding for Debtor. Mr. Thomason had no intention to effectuate a legitimate reorganization. His primary purposes in filing the petition on the morning of April 30, 1991 were to prevent the commencement of trial in the State Court Action set for April 30, 1990 at 9:00 a.m. and to delay hearing on the pending motions to dismiss in the Federal Action. He had no intention to continue with the bankruptcy proceeding after the petition was filed.

On the morning of April 30, 1990, when Mr. Thomason called the Third Circuit Court and talked to Mr. Gianotti, he (Mr. Thomason) was not candid. He informed Mr. Gianotti that he had filed a petition in bankruptcy for both debtor and Mr. Legg at 8:30 a.m. that morning and that the stay was then in effect. Mr. Gianotti relayed that message to the Court, as a result of which the State Court Action was continued until moved on. However, this Court's file shows that the petition was actually filed on April 30, 1990 at 10:07 a.m.

In addition, Mr. Thomason testified that he filed the petition to prevent the commencement of the trial in the State Court Action because Debtor did not have counsel. However, the Notice of Automatic Stay which was filed in the Third Circuit Court shows that it was prepared and signed on April 27, 1990 by Mr. Thomason as *attorney for Defendant* (Pioneer Lumber Co., William Legg, owner). This shows that Mr. Thomason was representing himself as attorney for Debtor in the State Court Action, at least as of April 27, 1990.

And, in the Federal Action, the District Court directed that, if the First Amended Complaint contained a RICO count, then a RICO statement had to be filed simultaneously with the Amended Complaint. The First Amended Complaint contained a RICO Count; however, Mr. Thomason failed to file the RICO Statement. To prevent a dismissal of the Second Amended Complaint for failure to comply with the District Court's order requiring a RICO Statement, Mr. Thomason filed the Petition in bankruptcy court, then filed a Notice of Automatic Stay in the District Court. This is definitely an attempt to circumvent the District Court's Order requiring the RICO Statement.

Mr. Thomason had no intent to effectuate Debtor's reorganization. And, Debtor itself had no intent to reorganize in the Bankruptcy Court.

When this Court denied Mr. Guttman's application to serve as successor attorney for Debtor because of conflict, both Mr. Thomason and Debtor made no effort to find another counsel. In fact, Debtor agreed to a dismissal of the petition.

For all of the foregoing, Mr. Thomason's misrepresentation to Mr. Gianotti, and for lack of intention on the part of Mr. Thomason and Debtor to effectuate a reorganization, the Court hereby finds bad faith on the part of both Mr. Thomason and Debtor. As sanction against both Mr. Thomason and Debtor, jointly and severally, the Court hereby grants to all counsel who appeared in the Motions for Sanctions reasonable attorneys' fees and costs. Each attorney is granted two weeks from the date of this Order to submit time-sheets to justify their request for fees.

To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so deemed.